UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATHSHEBA SHUNQUITA QUEEN,<br>    Plaintiff,<br>v.<br>LESHAWN MOONEY,<br>    Defendant. | Case No. 24-cv-02161-SVK<br><br>**ORDER DISMISSING ACTION** |

The United States, as an interested non-party, informed the Court that it may lack subject-matter jurisdiction over this action. *See* 28 U.S.C. § 517; Dkt. 21.[1] After reviewing the record and the law, the Court concurs in that assessment.

Plaintiff commenced this action in the Superior Court for the County of Santa Clara on March 6, 2024. *See* Dkt. 1-1 at ECF Page 2. Defendant subsequently removed the action to this Court on April 11, 2024. *See* Dkt. 1. It turns out, however, that before Defendant removed the action on April 11, Plaintiff requested that the Superior Court dismiss the action on April 10. *See* Dkt. 21-1 at ECF Page 16 (request for dismissal dated April 9 and filed on April 10); *see also* Dkt. 24 at ECF Page 3 (Plaintiff confirming that she requested dismissal of state-court action and that she "received an email the morning after [she] requested a voluntary dismissal . . . informing [her] that the case had been removed to federal court"). The Clerk of that court granted the request and

---

[1] The Court offered self-represented Plaintiff an opportunity to file a response to the United States' statement by August 26, 2024. *See* Dkt. 22. Plaintiff filed her response on August 27, 2024, along with a request to extend her time to file a response by 48 hours. *See* Dkts. 24-26. Given the length of Plaintiff's response, the Court interprets this request as seeking a retroactive extension to excuse Plaintiff's late filing and not as seeking permission to file a further response. The Court therefore accepts Plaintiff's late-filed response but will not permit Plaintiff to file a further response.

1  dismissed the action on April 10.  *See* Dkt. 21-1 at ECF Page 16.  Thus, at the time of removal on
2  April 11, there was no pending state-court action to remove.
3  That proves fatal to this action.  "It would seem obvious that to remove an action to the
4  federal courts from a state court, it must first be pending in the state court."  *Ristuccia v. Adams*,
5  406 F.2d 1257, 1258 (9th Cir. 1969).  Accordingly, once a state court dismisses an action, a
6  federal court will lack subject-matter jurisdiction if a defendant attempts to subsequently remove
7  that action.  *Cf. Casola v. Dexcom, Inc.*, 98 F.4th 947, 963 (9th Cir. 2024) (where defendant
8  removed action to federal court before state court processed and endorsed electronically filed
9  complaint, federal court lacked jurisdiction at time of removal "because there were no cases then
10 pending").  The Court must therefore dismiss the action for lack of subject-matter jurisdiction.
11 *See, e.g.*, *Carnero v. Cargill Meat Sols. Corp.*, No. 22-cv-00354-DAD, 2022 WL 1063127, at *2
12 (E.D. Cal. Apr. 8, 2022) (dismissing action for lack of subject-matter jurisdiction because
13 defendant removed action from state court after plaintiff filed a request for dismissal in that court);
14 *Welch v. Air & Liquid Sys. Corp.*, No. 21-cv-00904-MJP, 2021 WL 3486720, at *2-3 (W.D.
15 Wash. Aug. 9, 2021) (removal improper because plaintiffs moved to voluntarily dismiss removing
16 defendant from state-court action before that defendant filed notice of removal, thereby depriving
17 federal court of subject-matter jurisdiction).
18 In Plaintiff's response, she states that she reasonably believed that Defendant received
19 notice of her request for voluntary dismissal, that she herself was confused as to how the action
20 could proceed in federal court after she requested dismissal and that an attorney informed her that
21 the action had not been dismissed.  *See* Dkt. 24 at ECF Pages 5-6, 9.  The Court sympathizes with
22 Plaintiff and does not fault her for proceeding with this action after she attempted to dismiss it.
23 Her response demonstrates sufficient diligence, particularly for a self-represented litigant, in
24 attempting to wade through a procedural entanglement.  But sometimes mistakes happen, and no
25 one is to blame.  This is one of those times.
26 ///
27 ///
28 ///

2

Accordingly, the Court **DISMISSES** this action for lack of subject-matter jurisdiction.

**SO ORDERED.**

Dated: August 27, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge