United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATHSHEBA SHUNQUITA QUEEN,<br>Plaintiff,<br>v.<br>LESHAWN MOONEY,<br>Defendant. | Case No. 24-cv-02161-SVK<br><br>**ORDER GRANTING IN PART AND DENYING, WITHOUT PREJUDICE IN PART, DEFENDANT'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 29, 30 |

Before the Court are two administrative sealing motions filed by *pro se* Defendant Leshawn Mooney. Dkts. 29-30. The first seeks to seal certain prior filings on the docket in this action. Dkt. 29. The second seeks to seal the first administrative motions, and also seeks to seal itself. Dkt. 30. This action—originally brought in the California Superior Court for the County of Santa Clara and removed to this Court in April, 2024—is was closed over two years ago when the Court, in response to a statement by interested party the United States of America, dismissed the case for lack of subject matter jurisdiction. *See* Dkts. 1, 21, 27. Ordinarily, this Court would not consider such a belated motion to seal. *See* Civil L.R. 79-(b) ("A party must file a motion to seal a document at the same time that the party submits the document."). However, in light of Defendant's *pro se* status and the clearly appropriate nature of some of the requests, the Court will excuse the belated filing in this instance. *See, e.g.*, *Nachack v. Walmart*, No. 24-cv-00027, Dkt. 92 at 1-2 (excusing *pro se* Plaintiff's non-compliance with local rules as to form of motion for sanctions); *see also United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-02383-RS, 2018 WL 5013580, at *7 (N.D. Cal. Oct. 16, 2018) (permitting parties to try again where "[s]ome of the documents [] appear appropriate for redactions or sealing.").

Accordingly, having considered Defendant's submissions, the relevant law and the record

in this action, including the belated nature of Defendant's request, to the extent it bears upon the public availability of certain information and the likelihood of ongoing harm, for the following reasons, the Cout **DENIES** Defendant's sealing requests, **in part without prejudice**.

## I. LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179.

The requests at issue here are governed by different standards. For the most part, the records Defendant seeks to seal are record relating to Plaintiff's prior state court case, her voluntary dismissal of that case, the United States' erroneous removal to this Court and Plaintiff's attempts to find an attorney to represent her. All of these records relate to this Court's ultimate dismissal for lack of subject-matter jurisdiction based upon Plaintiff's voluntary dismissal of the state court action and thus are governed by the "good cause" standard. *E.g.*, *Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. 21-cv-1376-JCC (MLP), 2022 WL 18999842, at *4 (W.D. Wash. Dec. 6, 2022), *report and recommendation adopted,* 2023 WL 1860663 (W.D. Wash. Feb. 9, 2023) ("Other district courts in this Circuit have concluded that a motion to dismiss for lack of jurisdiction, without reaching the merits of the claims, should be considered non-dispositive for purposes of determining the standard to seal. … The Court finds this reasoning persuasive with regards to subject matter jurisdiction as well."). So too, Defendant's requests to seal his sealing motion and supporting materials are governed by the good cause standard.

United States District Court
Northern District of California

However, Defendant also seeks to seal his original motion to dismiss and this Court's subsequent order denying the motion to dismiss. Dkts. 8, 20. This motion and order, although also dealing with subject matter jurisdiction, are not limited to the procedural context of Plaintiff's voluntary dismissal and the erroneous removal; rather, they relate to Defendant's assertion of derivative sovereign immunity and supremacy clause defenses, and the Court's determination that the doctrines do not apply "where the federal employee acts outside the scope of their authority." Accordingly, although relating to jurisdiction, the Court finds these two documents are also more-than-tangentially related to the alleged merits of this action and, thus, the "compelling reasons" standard governs their sealing.

## II. DISCUSSION

Turning to Defendant's arguments in support of sealing, the arguments are largely the same in support of all documents. They are along two lines: (1) Defendant "remains employed and holds a license subject to oversight by a professional licensing authority. The continued public availability of unproven allegations, in a case dismissed on jurisdictional grounds, in combination with identifying information about Defendant's employer, workplace, and professional status, creates a concrete risk of harm to Defendant's professional standing and livelihood," (*e.g.*, Dkt. 29 at 6); (2) certain exhibits expose Defendant to "professional and reputational harm," including by identifying his "full legal name," "employer and workplace address," his "home residential address," the "the full name of Defendant's direct supervisor," "the full names and institutional email addresses of Defendant's colleagues," and so forth. *Id.* at 4-5. The Court examines these arguments in the context of the documents at issue, below.

- **Dkts. 25-2, 25-9, 25-10, and 25-12:** The Court is persuaded that there **is good cause to seal** the following information requested by Defendant:
  - His home residential address;
  - The full name of his direct supervisor;
  - The full names and institutional email addresses of Defendant's colleagues;
  - The specific room number of Defendant's workplace; and
  - The names of any other staff members Defendant works with.

- ○ The Court does **not find** good cause to seal Defendant's full name (which is publicly available via other filings) nor his employer's/workplace address (the government's Veteran's Affairs office addresses are publicly available).

However, Defendant seeks to redact the entirety of Dkt. 25 indiscriminately. In general, such redaction is not permitted under Civil Local Rule 79-5. *See* Civil L.R. 79-5(a) ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."). The Court is not persuaded by Defendant's argument that redaction is "impractical without effectively replacing the submission wholesale." *Contra* Dkt. 29 at 6. That is precisely what Defendant must do, as 106 pages is no so burdensome that Defendant cannot manage it. To preserve the public right of access to non-sensitive portions of the record, **if Defendant wishes to seal the above-identified sealable information, he must redact (either via PDF editing software or simply by printing and blacking out the relevant information) and re-submit a public redacted copy of Dkts. 25-2, 25-9, 25-10, and 25-12**. These requests are thus **DENIED without prejudice** – Defendant may renew the request, along with filing of the public, redacted documents **by September 4, 2026**.

- **Dkts. 29, 29-3, 29-5, 30-1, 30-2 and 30-3:** With regard to Plaintiff's sealing materials (motions to seal; declarations in support thereof; related materials), the Court finds **good cause** to seal the following:
    - ○ **Dkt. 30 may be sealed in its entirety**; this document consists of 2 pages comprising an introduction, list of documents requested to be sealed and conclusion, and the introduction includes a reproduction of the detailed information Defendant seeks to seal above. Accordingly, the Court agrees that this document must itself be maintained under seal and, because of its short length, it may be sealed **in its entirety. GRANTED**.
    - ○ **Dkt. 30-3 may be sealed in its entirety**, as it is an unredacted declaration substantiating the above and disclosing the same private details. **GRANTED**.

However, the Court does **not find good cause** to seal Dkts. 29, 29-3, 29-5, 30-1 or 30-2. None of these documents themselves contain any of the sensitive information Plaintiff seeks to seal or otherwise includes in Dkts. 30 and 30-3. Indeed, two of these documents, Dkts. 30-1 and 30-2, appear to be Plaintiff's intentional, unredacted versions of other documents. Accordingly, the requests to seal these documents are **DENIED with prejudice**.

- **Dkts. 8 and 20:** Finally, with regard to Defendant's prior motion and the Court's Order, the Court does **not find compelling reasons to seal** the information Defendant requests. These documents do not include the sensitive information implicated by Defendant's second argument, *e.g.*, his full residential address or work room number. Rather, Defendant's argument is entirely that "the continued public availability of unproven allegations" risks causing him professional and reputational harm. *See* Dkt. 29. But Defendant has not pointed to specific allegations in the complaint (reproduced in the motion or this Court's Order), and the mere availability of unproven allegations is generally insufficient to justify sealing. *Cf., e.g.*, *United States ex rel. Brunson v. Bechtel Nat'l Inc.*, No. 13-cv-5013-EFS, 2017 WL 11557498, at *2 (E.D. Wash. June 26, 2017), *affirmed in relevant part and vacated on other grounds sub. nom. Brunson v. Lambert Firm PLC*, 757 F. App'x 563 (9th Cir. 2018) ("[A]ccusations and inflammatory language, alone, are an insufficient basis to justify sealing. [The opposing party's] responses to the accusations will also generally be unsealed, and '[a] decent newspaper will not publish ... accusations without also publishing the skepticism of [the accuser's] credibility."). Accordingly, the request to seal these documents is **DENIED**.

## III. CONCLUSION

In sum, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's sealing motions, **partially without prejudice**, as set forth below:

- The requests to seal Dkts. 30 and 30-3 are **GRANTED**. The Clerk of Court shall maintain these documents under seal.

- The requests to seal Dkts. 8, 20, 29, 29-3, 29-5, 30-1 and 30-2 are **DENIED with prejudice**. These documents shall remain publicly available, and the Clerk of Court shall **unseal** Dkts. 29, 29-3, 29-5, 30-1 and 30-2.
- The requests to seal Dkts. 25-2, 25-9, 25-10 and 25-12 are **DENIED without prejudice**; Defendant may renew these requests if he submits public, proposed-redacted copies of the documents in accordance with the Court's guidance above. If Defendant wishes to renew these requests, he may do so **no later than September 4, 2026**.

**SO ORDERED.**

Dated: August 4, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California